### UNITED STATES v. 267 BOXES OF MACARONI.

#### (District Court, W. D. Pennsylvania. February 17, 1915.)

#### No. 3799.

1. Food ☞15—Misbranding—Statutory Provisions—Intent.
   The purpose of Food and Drugs Act June 30, 1906, c. 3915, § 8, 34 Stat. 771 (Comp. St. 1913, § 8724), providing that an article shall be deemed misbranded, if labeled or branded so as to deceive or mislead the purchaser, or to purport to be a foreign product when it is not so, is to protect the public from deception, and the intent of one charged with misbranding is immaterial.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 15; Dec. Dig. ☞15.]

2. Food ☞15—"Misbrand"—Acts Constituting.
   Where macaroni manufactured in the United States bore a label containing Italian words, including the name of a town in Italy where macaroni is extensively manufactured, and the general purchaser, looking at the label, would conclude that it represented an Italian product, the macaroni was "misbranded," within Food and Drugs Act, § 8, though the letters "Mfg. U. S. A." appeared in small type within less than an inch of space on a very narrow white margin on the lower edge of the label.
   [Ed. Note.—For other cases, see Food, Cent. Dig. § 14; Dec. Dig. ☞15.
   For other definitions, see Words and Phrases, Second Series, Misbrand.]

Label by the United States for the seizure and condemnation of 267 boxes of macaroni, because misbranded, in which Thomas Monico and another, partners doing business as the Monico-Alles Company, claimants, filed answer. Judgment for the United States.

On December 11, 1914, the United States attorney for the Western District of Pennsylvania, acting upon a report by the Secretary of Agriculture, filed in the District Court of the United States for said district a libel for the seizure and condemnation of 267 boxes of macaroni, remaining unsold in the original unbroken packages at Pittsburgh, Pa., alleging that the product had been shipped on or about November 7 and 14, 1914, and transported from the state of New York into the state of Pennsylvania, and charging misbranding in violation of the Food and Drugs Act. The product was labeled: "Gusto Igiene Nettezza Pastificio Moderno Elettrico Con Prosciugazione Artificiale Vitello Brand Torre Annunziata (Italy Method) Mfg. U. S. A." In addition the label bore pictorial representations of three persons, a dining scene, etc. Boxes were also branded by means of rubber stamp "20 lb. net artificially colored." Misbranding of the product was alleged in the libel, for the reason that it was labeled and branded so as to deceive and mislead the purchaser; that is to say, the appearance and construction of the label conveyed the impression that the goods were of foreign manufacture, and this effect was not cured by the statement in minute type on the bottom of the label, "Mfg. U. S. A."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On December 28, 1914, Thomas Monico and August E. Alles, partners, doing business as Monico-Alles Company, New Castle, Pa., claimants, filed their answer, denying the material allegations in the libel. On February 17, 1915, the case having come on for trial before the court, after the submission of evidence and argument by counsel, the court found the product misbranded and ordered its condemnation, but provided that the same might be released to said claimants upon filing of bond, in conformity with section 10 of the act, and the payment of costs.

E. Lowry Humes, U. S. Atty., of Pittsburgh, Pa.

Miller, Vogan & Nesbitt, of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. The libel in this case was for the seizure and condemnation of 267 boxes of macaroni, remaining unsold in the original, unbroken packages at Pittsburgh, Pa. The libel alleges that the product was shipped by the Dunkirk Macaroni & Supply Company of Dunkirk, N. Y., and transported from the state of New York, and charges that the same was misbranded, in violation of section 10 of the Pure Food and Drugs Act, as defined in subsection 2, which defines what usually may be considered as misbranding of foods under the act of Congress. The said food product was seized by the United States marshal in the possession of certain parties in Pittsburgh, Pa., and was claimed by Thomas Monico and August E. Alles, partners doing business as Monico-Alles Company, who answered, and were made parties to the proceedings by the execution of bond in accordance with section 26 of the admiralty rules of this court. The libel sets forth a copy of the label on each of the boxes of the macaroni so seized, as follows:

"Gusto Igiene Nettezza Pastificio Moderno Elettrico Con Prosciugazione Artificiale Vitello Brand Torre Annunziata (Italy Method) Mfg. U. S. A."

In addition the label bears pictorial representations of three persons, a dining room scene, etc.; and boxes are branded by means of a rubber stamp, "20 lb. net artificially colored." The libel also points out specifically the respect in which the product was misbranded as follows:

"That said product, so designated as aforesaid, as analyzed by the Bureau of Chemistry, Department of Agriculture, United States of America, is shown to be misbranded in violation of said act of Congress, commonly known as the Food and Drugs Act, in that it is labeled and branded so as to deceive and mislead the purchaser; that is to say, the appearance and construction of the label conveys the impression that goods are of foreign manufacture, and this effect is not cured by statement in minute type on bottom of label, 'Mfg. U. S. A.'"

The answer filed admits the material facts and allegations contained in the libel, except that it is denied that the macaroni is misbranded. The question thus raised is whether the product was misbranded; i. e., labeled so as to mislead the purchaser by conveying the impression that the goods are of foreign manufacture. The language of section 8, subsection 2 [in case of food (?)], of the act of Congress, is: "If it be labeled or branded so as to deceive or mislead the purchaser, or purport to be a foreign product when not so." Some testimony was offered on behalf of the government, by persons familiar with the trade, to the effect that the label would mislead the average purchaser

by conveying the impression that it was a foreign product. Some evidence was also offered by the respondents that it would not convey that impression.

[1] The court must determine the issue mainly by an inspection of the label itself. It has been held that it is not important whether the manufacturer did or did not intend to deceive. The purpose of the act is to protect the people from deception by selling him one thing when the purchaser desires to purchase another. The intention of the maker is therefore not an element in the case. U. S. v. 36 Barrels of London Dry Gin, 210 Fed. 271, 127 C. C. A. 119; McDermott v. Wisconsin, 228 U. S. 115, 33 Sup. Ct. 431, 57 L. Ed. 754, 47 L. R. A. (N. S.) 984, Ann. Cas. 1915A, 39.

[2] Turning to the label itself, we find from its appearance that it is very distinctly Italian. The label proper is of the dimensions of 8½ inches by 6¼ inches, bearing pictorial representations of three persons, a dining scene, etc., with a very narrow white margin, from one-eighth to one-sixteenth of an inch in width. The name of the manufacturer and the place where the macaroni is made do not appear. Nearly all of the wording on the label proper is in the Italian language. The exceptions are in the use of the words "Vitello Brand" and "Italy Method." Between the words "Vitello" and "Brand" is the picture of a cow or calf. The testimony shows that the word "Vitello" is the Italian word for calf. The words "Torre Annunziata" are the name of a city in Italy where it appears macaroni is extensively manufactured. There is no doubt that the general purchaser, looking at that label, with its distinctly Italian caste and written in the Italian language, with nothing whatever thereon to indicate that it was of American manufacture, would at once conclude that it represented a foreign, and, in this case, an Italian product.

It is claimed that the letters "Mfg. U. S. A." in small type within less than an inch of space, on the very narrow white margin on the lower edge of the label, would be notice to the purchaser of the fact that the product was manufactured in America. It seems clear to the court that the makers did not intend bona fide to convey such notice to the purchaser by the use of these letters, but rather that they were endeavoring to protect themselves from the charge of violating the act of Congress. If it was intended that the purchaser should be informed as to where the food product was manufactured, certainly some words sufficiently conspicuous would be placed upon the label to strike the eye of the purchaser and convey the desired information.

I do not think that the letters on the margin which I have quoted save the label or brand from the charge that it deceives and misleads the purchaser and purports to be a foreign product when not so.

In accordance with the foregoing opinion, the product was thereafter released to said claimants.